**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oren Berger, | No. CV-12-01757-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Erena Baybik, | |
| Defendant. | |

Defendant pro se Erena Baybik has filed a Motion to Dismiss (Doc. 8) the First Amended Complaint ("FAC") (Doc. 6) of Plaintiff pro se Oren Berger.[1] The Court dismisses this action with leave to amend for the reasons stated below.

On September 10, 2012, Berger, an Arizona resident, filed his FAC. The FAC states that Berger is currently engaged in a hotly-contested divorce and custody battle with his wife, Baybik. (Doc. 6 at 1-2.) He claims his wife, an immigration attorney who is primarily stationed in Phoenix, Arizona, is preventing him from seeing his children, making false accusations in order to have him deported, manipulating the legal system to gain custody, and preventing Berger's brother from getting his visa. (*Id.* at 1-3.) Various allegations that Baybik has improperly accessed Berger's immigration files also appear. (*Id.* at 3.) Berger also challenges several determinations made by the judge in the divorce proceedings. The FAC does not cite any provision of law or statute to provide a basis for

---

[1] Berger filed another Amended Complaint after the Motion to Dismiss was filed. Because Berger can only amend his Complaint once as a matter of course under Rule 15 of the Federal Rules of Civil Procedure, that filing will be ignored.

its claims, nor does it request any specific relief—Berger states simply that he "just felt as though this knowledge should be brought to someone's attention." Baybik's Motion to Dismiss contains only denials of the assertions made in Berger's FAC and not any reason why the FAC should be dismissed as a matter of law.

Nevertheless, this Court is obligated to inquire sua sponte into whether it has subject matter jurisdiction. *See Valdez v. Allstate Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A review of the FAC shows that it does not allege the grounds upon which the Court has jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (stating that the court presumes lack of jurisdiction until the plaintiff proves otherwise); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts."); Fed. R. Civ. P. 12(h)(3) (providing that the lack of subject matter jurisdiction may be raised at any time by the parties or the court). Berger is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides, in pertinent part:

> A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). Rule 8(e) states that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

Berger's Complaint, while certainly short and simple, does not contain sufficient allegations of the Court's jurisdiction or his claim for relief. There are only two bases for subject matter jurisdiction in federal court: federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under § 1332. The Court assesses its jurisdiction on the basis of the allegations of the FAC. It does not appear that Berger is asserting any claim under a federal statute. He cites none, at least, and the Court is not obligated to scroll through the U.S. Code to find an appropriate provision. As far as diversity goes, the FAC must allege that (1) the parties' citizenship is completely diverse and (2) the amount in

controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States".). The FAC alleges that both Berger and Baybik are citizens of Arizona. Berger provides an address in Gilbert, Arizona for himself (Doc. 6 at 5.) He also alleges that his wife's main office is located in Scottsdale, Arizona. (*Id.* at 1.)[2] Furthermore, Berger does not assert entitlement to any relief, much less an amount greater than $75,000.00. Berger, as plaintiff, bears the burden of alleging a basis for this Court's jurisdiction. He has not done so, and this Court dismisses this action for lack of subject matter jurisdiction, but grants Berger leave to file an amended complaint that complies with the rules.

Berger is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. In preparing an amended complaint, Berger should consult Federal Rule of Civil Procedure 84 and the "Appendix of Forms" referenced therein because such forms "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

If Berger fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS THEREFORE ORDERED** that Berger's Amended Complaints (Docs. 6) is dismissed without prejudice for lack of jurisdiction. Berger shall have **30 days** to file

---

[2] Baybik's Motion to Dismiss contains a statement that she is currently residing in San Diego, CA (Doc. 8 at 1), but, as discussed above, it is Berger's burden to allege jurisdiction and show that Baybik is not a citizen of Arizona. In any event the FAC fails the amount in controversy prong.

an Amended Complaint. If he fails to file **within 30 days**, the Clerk of Court is directed to terminate this action.

**IT IS FURTHER ORDERED** striking Plaintiff's Second Amended Complaint (Doc. 15) for failure to comply with LRCiv. 15.1.

**IT IS FURTHER ORDERED** that Baybik's Motion to Dismiss (Doc. 8) is **denied as moot**.

Dated this 9th day of January, 2013.

*G. Murray Snow*
G. Murray Snow
United States District Judge